FRANK, Acting Chief Judge.
Bradley Fortner contends that the trial court erred in denying his motion to suppress certain evidence, in failing to provide an opportunity for him to withdraw his plea,-in imposing a sentence in excess of the statutory maximum, in improperly assessing certain costs and in prescribing special conditions of probation. The trial court imposed sentences in the three cases at issue on August 7, 1996. We have jurisdiction over this matter pursuant to the Criminal Appeal Reform Act for the reason that Fortner preserved for review the denial of his motion to suppress. See § 924.051(3), Fla. Stat. (Supp. 1996). We find, however, that the basis for Fortner’s motion to suppress is meritless. Thus, we respond to the remaining contentions.
The trial court’s sentence of twelve years in prison for grand theft auto in Case No. 96-1097 exceeds the statutory maximum for a third degree felony. The maximum sentence is ten years for a habitual offender. See § 775.084(4)(a)(3), Fla. Stat. (1995). Because this is a serious, patent sentencing error, we vacate the sentence in Case No. 96-1097 and direct the trial court to resen-tence Fortner within the statutory maximum. See Denson v. State, 711 So.2d 1225 (Fla. 2d DCA 1998).
We decline consideration of the remaining issues because none of them presents a fundamental or a serious sentencing error. Id.
*327 Affirmed in part, reversed in part, and remanded for resentencing with directions,
FULMER and GREEN, JJ., concur.